UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE KENNEDY | CIVIL ACTION |
| VERSUS | NO. 12-2499 |
| GENERATOR AND UTILITY<br>SERVICE CORP. d/b/a GENERATOR<br>AND UTILITY SERVICES, INC. ET AL. | SECTION "R" (2) |

## ORDER AND REASONS ON MOTION

Plaintiff's Motion for Costs has been referred to me for determination by the presiding district judge. Record Doc. Nos. 30 and 33. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to plaintiff's Motion for Costs, Record Doc. No. 30, submitted for decision on June 19, 2013 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit in substantial part, IT IS ORDERED that the motion is GRANTED for the following reasons, but only in the amount set forth herein.

In this motion, plaintiff seeks a total of $1,527.00 in expenses and attorneys fees incurred in connection with service of process on defendants and the filing of this motion. The total amount sought includes $375.00 in process servers expenses and $1,152.00 in attorneys fees. Fed. R. Civ. P. 4(d)(2) provides:

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

The materials attached to the motion establish that, when defendants failed to execute the waivers of service provided to them by plaintiff's counsel, plaintiffs were required to retain a process server and incur certain additional attorneys' fees to have them served with process. The amount charged by the process server for service of all three (3) defendants was $375.00, an eminently reasonable amount, fully supported by the evidence, which the court will award pursuant to Fed. R. Civ. P. 4(d)(2).

In addition, plaintiff seeks attorneys fees in the amount of $1,152.00, representing 7.2 hours of attorney work incurred in connection with service of process and the filing of this motion at the rate of $160.00 per hour.

Determination of a reasonable attorneys fee is a two-step process that begins with determination of the lodestar amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)).

    The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

    "The lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Heidtman, 171 F.3d at 1043.

    Although the party seeking attorneys fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

    In this case, the hourly rate of $160.00 per hour charged for the work of Francis A. Jurovich, an associate of the law firm of Reich, Album & Plunkett, L.L.C., with almost six

(6) years of experience in the field of maritime law, is well within the range of rates awarded for similarly qualified attorneys in this district and is wholly reasonable. This hourly rate is also in line with recent decisions of the Fifth Circuit and this court awarding fees for legal work in the New Orleans market. Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008) (affirming district court's award of attorney's fees), panel opin. vacated by grant of reh'g en banc, 562 F.3d 711 (5th Cir.), dist. ct. opin. aff'd by equally divided en banc court, 578 F.3d 293 (5th Cir. 2009); Green v. Administrators of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006); Board of Supervisors v. Smack Apparel Co., No. 04-1593, 2009 WL 927996, at *4 (E.D. La. Apr. 2, 2009) (Lemmon, J.); Speaks v. Kruse, No. 04-1952, 2006 WL 3388480, at *3-4 (E.D. La. Nov. 20, 2006) (Livaudais, J.).

As to the reasonable hours, I deduct the 1.50 hours concerning plaintiff's withdrawal of his request for entry of default recorded on March 15 and 21, 2013, because they are not attributable to plaintiff's service requirements, but instead to default efforts before service was effectuated. Rule 4(d) does not contemplate compensation for this work. All of the remaining 5.70 hours are attributable to awardable Rule 4(d) activities and are reasonable. Accordingly, the lodestar amount (5.70 hours x $160) is $912.00. Application of the Johnson factors compels no adjustment to the lodestar.

Accordingly, **IT IS ORDERED** that plaintiff is awarded a total of $1,287.00 under Rule 4(d)(2), including $375.00 for the costs of the process server and $912.00 in attorneys

fees. By copy of this order, Chief Judge Vance is notified so that she may enter an appropriate amended judgment.

New Orleans, Louisiana, this \_\_\_\_9th\_\_\_\_ day of July, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SARAH S. VANCE**